[*Special Term, October,* 1872.]

## ALLISON, SMITH & JOHNSON v. THE CITY OF CINCINNATI.

The plaintiffs were the owners of a large four-story brick building, fronting on Vine street, Cincinnati, and abutting eighty feet on the north line of Burke alley, which is ten feet wide. The foundations of plaintiffs' building were about eleven feet in depth below the crown of the alley. The defendant, in the prosecution of the plan of sewerage, legally adopted many years after the erection of plaintiffs' building, proposed to lay a pipe lateral, to the depth of twelve feet below the crown of the alley, and for that purpose was about to make the necessary excavation. The soil was loose sand and gravel, and plaintiffs sought an injunction on the ground that the construction of the sewer was contrary to law and against the right of plaintiffs; that there was great danger of undermining the building, so that it would be greatly injured or broken down, besides endangering the lives of their employes in the building, who had threatened to quit work in case the excavation proceeded.

On a showing by the defendant that the proposed sewer was an original improvement, and was reasonable and proper, and could be safely done if carefully executed:

*Held,* that on the facts proved, there was no sufficient reason to authorize the court to prevent the work from being constructed according to the plan, on the ground of apprehended danger to the building, and that the threat of the employes to leave the building, in case the work was prosecuted, presented no cause for granting the relief prayed for.

*That* the plan of sewerage having been legally adopted, and being an original improvement, the private rights of lot-owners must be held to be subordinated to the public right to construct it; and where the defendant exercises due care, there is no ground of injunction.

But, *quære,* as it may be said that the plaintiffs acted prudently in the erection of their building with reference to this improvement, if damages nevertheless ensue by reason of constructing the sewer, though the work be done with due care, whether those damages may be recovered?

*That* the municipal code, which does not allow excavations deeper than nine feet, applies to adjoining lot-owners, and does not apply to municipal corporations in the improvement of streets and alleys.

*Long & Kramer,* for plaintiffs.

*Moore, Conner & Warrington,* for defendant.

Allison, Smith & Johnson *v.* City of Cincinnati.

ON motion for an injunction to restrain the defendant from constructing a sewer in Burke alley.

HAGANS, J.   In 1864, the plan of sewerage for the eighth district, first division, was duly adopted, and all the necessary legal steps taken to make it the permanent plan for the sewerage of that division.   The plan shows the main sewer to be located in Vine street, with lateral sewers, and among others, this lateral in Burke alley east to Stone alley, and thence north.   There is no complaint that the action of the proper authorities in adopting the plan was not had in good faith and in the exercise of a proper discretion.   It is therefore final.   The main sewer in Vine street has been constructed, and now the defendant is ready to contract for the construction of a twelve-inch pipe-lateral in Burke alley, in pursuance of the plan.   This lateral is to be laid at a depth of twelve feet from the crown of the alley.   The alley is ten feet wide.   There is no dispute that it is a public alley belonging to the city for the public use, nor that the construction of this sewer is an original improvement. The plaintiffs own a four-story building, erected several years before the adoption of the plan, fronting thirty feet on Vine street, and abutting the north line of this alley for a distance of eighty feet, as well as a rear building five stories in height ; but as to it the alley is much wider, and it is conceded it is in no danger.   The property is the well-known Franklin type-foundry, and contains a great deal of heavy machinery and a large number of hands.   The foundation walls of the plaintiffs' front building, at the corner of the alley and Vine street, are about eleven feet—perhaps two or three inches less—below the crown of the alley, and at the rear end of the front building are at least fully twelve feet below the same, for the reason that the alley as it extends eastwardly has an ascending grade.   The walls of the building are as strong as is usual in buildings of that size.   Some effort was made to show that this was an unreasonable improvement, because it might be made by be-

ginning at a point eighty feet east of Vine street where the alley widens, and thence to Stone alley, and thence to connect with the sewer on Fourth street. The plaintiffs have constructed a private sewer for their own use and at their own expense under the front building, connecting with the sewer on Vine street. But there seemed no sufficient reason to suppose the plan adopted was or is unreasonable. That whole matter was within the discretion of the proper authorities when the plan was adopted. It was therefore conclusive; and the construction of the plaintiffs' private sewer formed of itself no sufficient reason why the plan should not be carried out, as it accommodates other property abutting on the south side of the alley and fronting on Fourth street, as well as that abutting on Stone alley.

The plaintiffs allege that the foundation walls of the front building rest on loose sand and gravel, and this appeared in proof: that the defendant, *contrary to law* and *against the rights of the plaintiffs,* proposes to construct the sewer; that the alley is so narrow and the excavation so deep, and the laying of the sewer in such close proximity to the said walls of the front building so hazardous, that there is great danger of undermining them and the building greatly injured or broken down, as well as endangering the lives of the employes in the building, to the lasting and irreparable injury of the plaintiffs; and that they have a private sewer ample for their own use, constructed at their own expense. They ask for a restraining order.

The defendant answers denying all these allegations, and avers that the depth is absolutely necessary for the purposes of proper drainage of the property abutting on this as well as Stone alley; that there is no danger to plaintiffs' building, because the excavations are made in short sections of four feet wide by six in length, to the depth of seven feet, and inwardly sloping thence to the bottom, to the size of the pipe, between which are left sections of natural soil of from four to five feet; that an excavation is sheathed and braced; the sections of natural earth then tunneled; the

pipe laid; and then the excavation filled in, leaving the braces in, before another excavation is made; and so on. In this way, it is alleged, similar excavations have been made and sewers laid in alleys no wider than Burke alley, where the soil was more unfavorable, with buildings abutting of equal and greater weight than plaintiffs', and the foundations of less depth: "*and therefore defendant avers that it can and will, if permitted, cause this sewer to be constructed without any injury whatever to plaintiffs, either in person or property.*"

A very large number of affidavits were read on both sides; and some of those on the part of plaintiffs, besides the danger to this building, expressed fear of personal danger to the workmen in the building. But the overwhelming testimony is in favor of the entire safety of the construction of this sewer in the manner indicated. These affidavits on the part of the city consist of the sworn statements of engineers, contractors, a sewerage inspector, and the president of the sewerage commission. I am bound to believe, from these statements so uniform to this point— statements made by those in whose experience and to whose careful judgment these important interests are committed, as against the statements of those who are inexperienced in such matters, and a small number of architects, whose judgment in this respect does not seem entitled to equal weight—that the fears expressed are, if not wholly groundless, at least not well justified. If the proof showed a reasonable apprehension of danger it might present a different case. Heretofore it has been deemed proper to interfere in this class of cases, and to interpose the restraining order of the court, and it has frequently been done, mainly on the ground that damage must necessarily ensue; but I suppose only when there was good ground of apprehension. Since the decision of our Supreme Court, however, in the case of *The City of Cincinnati* v. *Grove J. Penny,* 21 Ohio St. 499, I apprehend such interference can not,

if the case is otherwise unobjectionable, be sustained on any other ground, if at all. That was a case where Penny's dwelling abutted on Borden alley. The excavation of the sewer was thirteen feet deep, made with due care on the part of the city. The foundation walls of the building were only four feet deep, and suitable for the structure at the time it was erected. The excavation for the sewer withdrew the lateral support of the foundation walls of the buildings from the alley, and they gave way. There was a judgment against the city for the damages. But the Supreme Court, in reversing the judgment, hold that municipal corporations are not liable to such damages where the improvement is original and reasonable and proper, and within the scope of the corporate authority, and there is no negligence ; and that a party must not only act prudently under the circumstances at the time buildings are erected, " but must also take into consideration the right of the municipality to make future improvements in the streets or alleys, and to appropriate them to other public uses, within the scope of their authority. If these latter considerations were omitted, it was his own folly to omit them, and if injury ensue it is his own misfortune." After reviewing all the decisions in Ohio relating to this subject of municipal improvements and the liabilities of municipalities in relation thereto, they quote with special emphasis and approval *Crawford* v. *Delaware*, 7 Ohio St. 459, and *Street Railroad* v. *Cumminsville*, 14 Ohio St. 523, as supporting this view of the law.

It may be said that the case at bar shows that the plaintiffs took due care in erecting this building with reference to this very improvement. Admitting this, the testimony shows no ground for a reasonable apprehension of danger, and that very precaution is a strong reason why this application should be refused. If damage really ensue in this case under this state of fact, whether the city would be liable in an action, I am not now to consider. No effort was made to show that the parties had the right of redress by a

recovery in an action at law for such damage. Indeed I may say, that may be regarded as an open question under the decision in the Penny case, 20 Ohio St., *supra*.

The affidavit of the occupant of the premises abutting the alley on the south and fronting on Vine street, expressed strong apprehension of danger to that building. But he is no party to this suit. It was said if the sewer be allowed to be constructed, the employes of the plaintiffs would quit their employ and great loss would ensue. But I do not see that this is a reason for the interference by injunction. As is said by our Supreme Court in 14 Ohio St. 523, to the public right to make such an improvement, "the private rights of lot-owners are necessarily subordinated." In the lawful exercise of its corporate powers, losses are oftentimes inflicted on individuals by the city, which are not the subject of a recovery, much less the ground for an interference by injunction to prevent them. The hardship is unavoidable, and the losses inseparable from the relations of the parties. The injury which the party apprehends must be real. *Erckenbrecher* v. *Este*, 1 Sup. Ct. Rep. 368. The law only regards that as an injury which contravenes or interferes with a recognized legal right. *Sparrow* v. *Oxford*, 41 Eng. Ch. 441; *Frazier* v. *Brown*, 12 Ohio St. 299.

It is said that the municipal code does not allow excavations deeper than nine feet, and that this is declaratory of the policy of the law. But I do not think it applies to municipal corporations in the lawful improvement of streets and alleys, but to adjoining lot-owners.

On the whole, I think the motion for an injunction ought to be refused; but the case may stand for any future motion that the plaintiffs may desire to make, during the progress of the work, with the right, on the part of the city, at the proper time, to have the cause dismissed.